IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD WALTON,

Plaintiff, No. CIV S-10-3167 JAM GGH P

vs.

V. SING, et al.,

Defendants. FINDINGS AND RECOMMENDATIONS

_______________________________/

Introduction

Plaintiff, a state prisoner proceeding pro se and in forma pauperis seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion to dismiss pursuant to Fed. R. Civ. 12(b)(6), filed on April 15, 2011, to which plaintiff filed an opposition after which defendants filed a reply.

Plaintiff's Allegations

Plaintiff alleges that following a riot[1] at CSP-Solano there was a lockdown and he was confined to his cell for 30 days. Opposition to Motion to Dismiss at 3, 6. Plaintiff states that defendants violated his First, Eighth and Fourteenth Amendment rights as he was unable to

[1] Plaintiff also describes it just as a fight, though he did not witness the incident.

exercise or practice his religion. Named as defendants are Haviland and Fox who implemented the lockdown and Tyler, Singh, Swarthout, Foston and Morils[2] who denied plaintiff's inmate appeals regarding the lockdown.

Motion to Dismiss

*Legal Standard for Fed. R, Civ. 12(b)(6) Motion*

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S. Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256, 114 S.Ct. 798, 803 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992).

[2] Defendant Morils has not been served.

Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

*Eighth Amendment - Outdoor Exercise*

Although a temporary denial of exercise does not per se constitute an Eighth Amendment violation, denial of all outdoor exercise for an extended period may. May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (temporary deprivation of 21 days without outdoor exercise with no medical effects not a substantial deprivation); Hayward v. Procunier, 629 F.2d 599, 603 (9th Cir. 1980) (30-day emergency lockdown period was an unusual circumstance justifying denial of outdoor exercise); see also LeMaire v. Maass, 12 F.3d 1444, 1457-1458 (9th Cir. 1993) (while exercise is "one of the basic human necessities protected by the Eighth Amendment," where restriction from outdoor exercise arose from inmate's abuse of the privilege and posing a security risk, plaintiff's Eighth Amendment claim for deprivation thereof failed); but see, Spain v. Procunier, 600 F.2d 189, 199-200 (9th Cir. 1979) (upholding district court decision that inmates confined with almost total lack of outdoor exercise for period of years was cruel and unusual punishment, and requiring they be allowed one hour of outdoor exercise, five days a week, absent poor weather, unusual circumstances); see also, Keenan v. Hall, 83 F.3d

1083, 1090 (9th Cir. 1996) (defendants not entitled to summary judgment where plaintiff produced evidence showing deprivation of outdoor exercise for six-month period in administrative segregation). The Ninth Circuit has clarified the elements necessary to state a deprivation that would rise to the level of an Eighth Amendment violation:

> An Eighth Amendment claim that a prison official has deprived inmates of humane conditions must meet two requirements, one objective and one subjective. Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir.1995). "Under the objective requirement, the prison official's acts or omissions must deprive an inmate of the minimal civilized measure of life's necessities. The subjective requirement, relating to the defendant's state of mind, requires deliberate indifference." Id. (citations omitted).

Lopez v. Smith, 203 F.3d 1122, 1132-1133 (9th Cir. 2000).

In Lopez, the Ninth Circuit found that plaintiff's claim that he was denied all outdoor exercise for six and a half weeks met the objective requirement for an Eighth Amendment claim. 1132-1133. The Lopez court noted that:

> The clear implication of May is that temporary denials of outdoor exercise must have adverse medical effects to meet the Eighth Amendment test, while long-term deprivations are substantial regardless of effects.

Lopez v. Smith, 203 F.3d at 1133 n. 15 (see May v. Baldwin, supra).

On the other hand, the Ninth Circuit has also found prison officials to be entitled to qualified immunity for extended deprivation of outdoor exercise after a prison riot or in the face of prison attacks. Noble v. Adams , --- F.3d ----, 2011 WL 3275871 *4 (9th Cir. Aug. 2, 2011) (amending Noble v. Adams, 636 F.3d 525 (9th Cir. 2011)) (it is not clearly established "precisely how, according to the Constitution, or when a prison facility housing problem inmates must return to normal operations, including outside exercise, during and after a state of emergency called in response to a major riot...."); id., citing Norwood v. Vance, 591 F.3d 1062 (9th Cir. 2010), for the proposition that courts defer to the judgment of prison officials "so long as the judgment does not manifest either deliberate indifference or an intent to inflict harm."

In the instant action plaintiff states he was on lockdown for thirty days. Other than this statement, plaintiff provides no other allegations that this lockdown adversely effected his health to support an Eighth Amendment violation. Plaintiff notes that the lockdown was instituted due to a prison riot and presumably was ended after the thirty days. Plaintiff's bare allegations fail to support a claim of deliberate indifference on behalf of the defendants. Plaintiff has made no allegations that Haviland or Fox ordered the lockdown for punitive reasons or in bad faith. Ultimately, plaintiff's complaint is too vague with respect to the events surrounding the lockdown and afterwards, therefore, the Eighth Amendment claims against Haviland and Fox are dismissed, but plaintiff will be allowed to file an amended complaint to provide more detail regarding this claim.

*First Amendment*

While inmates retain their First Amendment right to the free exercise of religion, a regulation impinging on an inmate's constitutional rights passes muster so long as it is reasonably related to a legitimate penological interest. Henderson v. Terhune, 379 F.3d 709, 712 (9th Cir. 2004), citing O'Lone v. Estate of Shabazz, 482 U.S. 342, 348, 107 S.Ct. 2400 (1987) and Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254 (1987). The Turner test includes four factors to determine if a prison regulation violates a prisoner's constitutional rights. "First, there must be a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it, and the governmental objective itself must be a legitimate and neutral one. A second consideration is whether alternative means of exercising the right on which the regulation impinges remains open to prison inmates. A third consideration is the impact accommodation of the asserted right will have on guards, other inmates, and the allocation of prison resources. Finally, the absence of ready alternatives is evidence of the reasonableness of a prison regulation." Allen v. Toombs, 827 F.2d 563, 567 (9th Cir. 1987) (citing Turner, 482 U.S. at 89-91); see also, Malik v. Brown III, 71 F.3d 724, 728-729 (9th Cir.1995).

In the instant case, plaintiff sets forth no details regarding how the ability to practice his religion was hindered by the lockdown.[3] Moreover, the lockdown was instituted after a riot or fight so any religious activities outside of plaintiff's cell were interrupted for the legitimate penological interest of keeping staff and prisoners, including plaintiff, safe. As pleaded, this fails to state any First Amendment claim. Therefore, this claim should be dismissed with leave to amend, and plaintiff should be permitted to file an amended complaint to provide additional detail.

*Fourteenth Amendment*

"The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." Board of Regents v. Roth, 408 U.S. 564, 569, 92 S.Ct. 2701 (1972). State statutes and prison regulations may grant prisoners liberty interests sufficient to invoke due process protections. Meachum v. Fano, 427 U.S. 215, 223-27, 96 S.Ct. 2532 (1976). However, the Supreme Court has significantly limited the instances in which due process can be invoked. Pursuant to Sandin v. Conner, 515 U.S. 472, 483, 115 S.Ct. 2293 (1995), a prisoner can show a liberty interest under the Due Process Clause of the Fourteenth Amendment only if he alleges a change in confinement that imposes an "atypical and significant hardship ... in relation to the ordinary incidents of prison life." Id. at 484.

In this case, plaintiff has failed to establish a liberty interest protected by the Constitution because he has not alleged, as he must under Sandin, facts related to the conditions or consequences of his disciplinary hearings which show "the type of atypical, significant deprivation [that] might conceivably create a liberty interest." Id. at 486. For example, in Sandin, the Supreme Court considered three factors in determining whether the plaintiff possessed a liberty interest in avoiding disciplinary segregation: (1) the disciplinary versus

[3] Plaintiff does not even set forth his religion.

discretionary nature of the segregation; (2) the restricted conditions of the prisoner's confinement and whether they amounted to a "major disruption in his environment" when compared to those shared by prisoners in the general population; and (3) the possibility of whether the prisoner's sentence was lengthened by his restricted custody. Id. at 486-87.

To establish a due process violation, plaintiff must first show the deprivation imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life. Sandin, 515 U.S. at 483-84.

Plaintiff has failed to allege any facts from which the court could find there were atypical and significant hardships imposed upon him as a result of defendants' actions. A thirty day lockdown following a prison riot fails to demonstrate an atypical and significant hardship. See Wade v. Maddock, 229 F.3d 1161, 2000 WL 917598 (9th Cir. 2000) (unpublished decision) ("we do not believe that the two-month lockdown can, as a matter of law, constitute a protected liberty interest under Sandin..."). Plaintiff must allege "a dramatic departure from the basic conditions" of his confinement that would give rise to a liberty interest before he can claim a violation of due process. Id. at 485. Plaintiff has not; therefore, the court finds that plaintiff has failed to allege a liberty interest, and thus, has failed to state a due process claim. This claim should be dismissed without leave to amend.

*Grievance Procedure*

Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Even the nonexistence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. Mann v. Adams, 855 F.2d at 640. See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991); Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill.1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise

to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"). Specifically, a failure to process a grievance does not state a constitutional violation. Buckley, supra.

Plaintiff states that defendants Tyler, Singh, Swarthout, Foston and Morils violated his rights by denying his inmate appeals concerning the lockdown. As stated above, plaintiff has no right to a grievance appeal procedure, and simply asserting that these defendants denied his appeals fails to state a claim. This claim should also be dismissed without leave to amend.

*Defendant Morils*

Defendant Morils has not been served yet in this action and the United States Marshall is still in the process of attempting to serve him. As the claims against Morils should all be dismissed, the undersigned will order the United States Marshall to cease all efforts to serve this defendant for the present time. If plaintiff files an amended complaint with cognizable claims against Morils, the undersigned will order the United States Marshall to serve him.

Accordingly, IT IS HEREBY RECOMMENDED that defendants' motion to dismiss (Doc. 12) be granted in part in that:

1. All claims in the original complaint (Doc. 1) be dismissed as set forth above. Plaintiff may file an amended complaint on those claims for which leave to amend has been recommended within 28 days if these findings and recommendations are adopted. Failure to file an amended complaint will result in a recommendation that this action be dismissed.

2. The United States Marshall should cease all efforts to serve defendant Morils, and the court's July 13, 2011, Order directing service on Morils, also referred to as Morales, be vacated. If plaintiff files an amended complaint with cognizeable claims against Morils, the undersigned will order the United States Marshall to attempt service.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen

days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 17, 2011

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:AB
walt3167.mtd